MARC J. FAGEL (Cal. Bar No. 154425)
JOHN S. YUN (Cal. Bar No. 112260)
  yunj@sec.gov
JEREMY E. PENDREY (Cal. Bar No. 187075)
  pendreyj@sec.gov

Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
44 Montgomery Street, Suite 2800
San Francisco, California  94104
Telephone:  (415) 705-2500
Facsimile:  (415) 705-2501

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

### SACRAMENTO DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>vs.<br><br>LAWRENCE "LEE" LOOMIS, LOOMIS WEALTH SOLUTIONS, LLC, JOHN HAGENER, AND LISMAR FINANCIAL SERVICES, LLC,<br><br>Defendants. | Case No. 2:10-cv-00458-KJM-KJN<br><br>**ORDER OF INJUNCTION AS TO DEFENDANT JOHN HAGENER** |

Plaintiff United States Securities and Exchange Commission ("Commission"), having filed its complaint in this action, and Defendant John Hagener, having entered an appearance in this case and having submitted the Consent of John Hagener to Injunction ("Consent"), in which he has admitted the jurisdiction of this Court over him and over the subject matter of this action; consented to the entry of this Injunction without admitting or denying any of the allegations in the complaint except as to jurisdiction; waived findings of fact and conclusions of law; and waived any right to a trial or to an appeal from this Order of Injunction as to Defendant John Hagener ("Order of Injunction"):

I.

IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Hagener and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Order of Injunction, by personal service or otherwise, and each of them[1], are permanently enjoined and restrained from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a) to employ any device, scheme, or artifice to defraud;

    (b) to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c) to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person.

## II.

IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that Hagener and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Order of Injunction, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the mails, directly or indirectly:

    (a) employing any device, scheme, or artifice to defraud;

    (b) obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

---

[1] *See, e.g., SEC v. Current Fin. Serv., Inc*. 100 F. Supp. 2d 1 (D.D.C. 2000).

  (c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

### III.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Hagener and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Order of Injunction, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) & 77e(c), by, directly or indirectly, in the absence of any applicable exemption, making use of any means or instruments of transportation or communication in interstate commerce or of the mails:

  (a) to sell a security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to the security; or

  (b) to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security.

### IV.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Hagener and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Order of Injunction, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating, directly or indirectly, Sections 206(1) and 206(2), of the Investment Advisers Act of 1940 (the "Advisers Act"), 15 U.S.C. §§ 80b-6(1) & 80b-6(2), by the use of the mails or any means or instrumentality of interstate commerce:

  (a) employing any device, scheme, or artifice to defraud any client or prospective client;

  (b) engaging in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

  (c) engaging in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.

SEC v. LOOMIS, ET AL. -3- HAGENER INJUNCTION

V.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Hagener and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Order of Injunction, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4), and Rule 206(4)-8, 17 C.F.R. §275.206(4)-8, by the use of the mails or any means or instrumentality of interstate commerce, directly or indirectly:

(a) making any untrue statement of a material fact, or omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading, to any investor or prospective investor in a pooled investment vehicle; or

(b) otherwise engaging in any act, practice or course of business that is fraudulent, deceptive, or manipulative with respect to any investor or prospective investor in a pooled investment vehicle.

VI.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that Defendant Hagener's Consent is incorporated herein with the same force and effect as if fully set forth herein, and that Hagener shall comply with all of the undertakings and agreements set forth therein.

VII.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this Court shall retain jurisdiction over this matter for all purposes, including but not limited to, enforcing the terms of this Order of Injunction.

IT IS SO ORDERED.

Dated: April 12, 2013.

_____
UNITED STATES DISTRICT JUDGE

APPROVED AS TO FORM:

1
2
3  _____
   Klaus J. Kolb
4  13620 Lincoln Way
   Suite 380
5  Auburn, California  95603
   Tel:  (530) 820-3435
6  E-mail: KJKlaw@sbcglobal.net
   Attorney for Defendant John Hagener
7
8
9  SUBMITTED BY:
10
11 _____
   John S. Yun
12 SECURITIES AND EXCHANGE COMMISSION
   44 Montgomery Street, Suite 2800
13 San Francisco, California 94104
   Tel:  (415) 705-2500
14 E-mail: yunj@sec.gov
   Attorney for Plaintiff
15
16
17
18
19
20
21
22
23
24
25
26
27
28