IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT COURT OF CALIFORNIA

SECURITIES AND EXCHANGE COMMISSION,

        Plaintiff,                       No. 2:10-cv-00458-KJM-KJN

  vs.

LAWRENCE "LEE" LOOMIS, et al.

        Defendants.             <u>ORDER</u>

_____/

        This case was on the court's August 16, 2013 calendar for the motion to stay by defendant Lawrence "Lee" Loomis. Douglas Beevers appeared for defendant Loomis and John Yun appeared for plaintiff Securities and Exchange Commission (the "SEC"). For the reasons stated below, the motion is denied.

I.        PROCEDURAL HISTORY

        The SEC filed a complaint against several defendants, including Loomis, on February 23, 2010. (ECF 1.) The complaint alleges that Loomis violated federal securities laws through the sale of securities known as the "Naras Funds." Specifically, the complaint states the following causes of actions as to Loomis: (1) violations of Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5; (2) violations of Section 17(a)(1) of the Securities Act of 1933, 15 U.S.C. § 77q(a);

(3) violations of Sections 17(a)(2) and (3) of the Securities Act, 15 U.S.C. §§ 77q(a)(2)-(3); and (4) violations of Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) and 77e(c).

During the SEC's attempt to obtain investigative testimony on May 14, 2009, Loomis, represented by counsel, refused to answer substantive questions, invoking his Fifth Amendment privilege against self-incrimination. (Decl. of Jeremy E. Pendrey ¶ 6, ECF 64-11; Ex. 5, ECF 64-15.) Loomis subsequently proceeded in this case without counsel. (*See* ECF 70.) On May 3, 2011, Loomis's co-defendant, John Hagener, brought a motion to stay civil proceedings pending resolution of ongoing criminal proceedings arising out of the same events as this civil case, which the court denied by minute order on February 24, 2012. (ECF 30, 52.)

On September 6, 2012, an indictment was filed as to Loomis and several other defendants. (*See United States v. Loomis*, 12-cr-00315-JAM, ECF 1.) Assistant Federal Defender Douglas Beevers was appointed to represent Loomis in the criminal case on September 14, 2012. (ECF 15.)

On September 12, 2012, this court issued an order modifying its previous scheduling order. (ECF 59.) The court reopened limited discovery to allow defendants to subpoena documents from the Department of Justice and Internal Revenue Service and to allow the SEC to take depositions of Loomis and Hagener. The order provided that defendants should be available for depositions upon reasonable notice by the SEC, which could occur any time during reopened discovery. (ECF 59.) Mr. Beevers confirmed on December 6, 2012 that Loomis would assert his Fifth Amendment privilege if he were deposed. (Pendrey Decl. ¶ 9; Ex. 8, ECF 64-15.) At the time, Beevers did not represent Loomis in the civil case.

The SEC filed a motion for summary judgment on February 13, 2013. (ECF 64.) Loomis, representing himself pro se, wrote to the court and requested an extension of time to oppose the motion and for the appointment of Mr. Beevers to represent him in the civil case. On March 11, 2013, the court ordered the motion stayed, pending resolution of the motion for expansion filed by Loomis in his criminal case before Judge Mendez. (ECF 70.) After the motion for expansion was granted, the parties stipulated to a new briefing schedule for the motion for summary judgment, which was then set for hearing on June 28. (ECF 80, 81.)

2

Loomis, once again represented by counsel, namely Mr. Beevers, filed an opposition to the motion for summary judgment on April 30. (ECF 83.)

A superseding indictment was issued in the criminal case on May 30, 2013. (12-cr-00315, ECF 103.) On June 24, 2013, Loomis filed a motion to stay and noticed it for the court's June 28 calendar. (ECF 86.) Because the motion was not timely filed, the court directed Loomis to re-notice the motion. (ECF 87.) On June 26, Loomis re-filed the motion and noticed it for the court's August 2 calendar. (ECF 88.) The SEC filed an opposition to the motion on July 18 and Loomis filed a reply on July 22. (ECF 91, 92.) The parties stipulated to continue the motion to the court's August 16 calendar. (ECF 93.)

II. STANDARD

There is no constitutional requirement that civil proceedings be stayed during parallel criminal proceedings. *Fed. Savings & Loan Ins. Corp. v. Molinaro*, 889 F.2d 899, 902 (9th Cir. 1989). "In the absence of substantial prejudice to the rights of the parties involved, such parallel proceedings are unobjectionable . . . ." *Sec. & Exch. Comm'n v. Dresser Indus.*, 628 F.2d 1368, 1374 (D.C. Cir. 1980). Nonetheless, a district court may choose to stay civil proceedings pending the outcome of the criminal case. *Molinaro*, 889 F.2d at 902. In deciding whether to stay civil proceedings, courts should consider "the extent to which the defendant's [F]ifth [A]mendment rights are implicated" as well as the following factors:

> (1) the interest of plaintiffs in proceeding expeditiously with this litigation or any particular aspect of it, and the potential prejudice to plaintiffs of a delay; (2) the burden which any particular aspect of the proceedings may impose on defendants; (3) the convenience of the court in the management of its cases, and the efficient use of judicial resources; (4) the interests of persons not parties to the civil litigation; and (5) the interest of the public in the pending civil and criminal litigation.

*Keating v. Office of Thrift Supervision*, 45 F.3d 322, 324-25 (9th Cir. 1995) (citing *Molinaro*, 889 F.2d at 902-03).

////

////

3

III. ANALYSIS

A. Burden on Defendant and Due Process Considerations

"A defendant has no absolute right not to be forced to choose between testifying in a civil matter and asserting his Fifth Amendment privilege." *Keating*, 45 F.3d at 326. While a defendant's Fifth Amendment right is an important consideration, "it is only one consideration to be weighed against others." *Id.* "Other than where there is specific evidence of agency bad faith or malicious government tactics, the strongest case for deferring civil proceedings until after completion of criminal proceedings is where a party under indictment for a serious offense is required to defend a civil or administrative action involving the same matter." *Dresser Industries*, 628 F.2d at 1375-76.

Loomis asserts that if this case is not stayed, he will be forced to choose between incriminating himself and being unable to defend himself against the SEC's claims. (ECF 88 at 3.) At hearing, Loomis clarified he is concerned that if the court grants SEC's motion for summary judgment, he would be forced to assert his Fifth Amendment privilege during a subsequent hearing on remedies in this case, in light of the ongoing criminal case.

The court finds that at this juncture, it is premature to consider granting a stay to protect Loomis's Fifth Amendment rights. While the indictment in the pending criminal action concerns the same matters as this civil case, which normally would weigh in favor of a stay under *Dresser*, it is clear that Loomis's Fifth Amendment privilege would not be implicated before a hearing on remedies. At this point in the case, discovery has closed, meaning there is no further opportunity for Loomis to either invoke his Fifth Amendment privilege or expose himself to criminal liability. To the extent Loomis has invoked his Fifth Amendment right in this case thus far, this case is not analogous to that of *Garrity v. New Jersey*, 385 U.S. 493 (1967). In G*arrity,* the defendant police officer's invocation of his Fifth Amendment privilege was "treated as a final admission of guilt" in a criminal or disciplinary proceeding instituted for fixing of traffic tickets. *Id*. at 495-96; s*ee Baxter v. Palmigiano*, 425 U.S. 308, 318 (citing *Garrity*, 385 U.S. 493). Rather, Loomis's silence is only considered as one piece of evidence

in the civil case. *See Baxter,* 425 U.S. at 319; *S.E.C. v. Jasper*, 678 F.3d 1116, 1125 (9th Cir. 2012).[1]

Additionally, Loomis's argument that the SEC is bringing its suit against him in bad faith is not well-taken, as he has suggested no action by the SEC indicating this is the case. Last, Loomis asserts that jury selection in the criminal case may be impeded if the judgment in the civil case is publicized. (ECF 88 at 4.) At the hearing, Mr. Beevers conceded this is a theoretical concern that the voir dire process is likely competent to address so as to eliminate prejudice to Loomis. This factor weighs in favor of denying the stay.

B. Interest of Plaintiff

Loomis argues that the SEC's interests will not be harmed by granting a stay because Loomis has no funds to satisfy any judgment against him, and because he is incarcerated, there is no need to enjoin him from selling securities. (ECF 88 at 3.) The SEC asserts that it has a strong interest in moving forward with this litigation, particularly because it has been pending for more than three years, and Loomis has provided no evidence that he would be unable to secure funds to satisfy a judgment. (ECF 91 at 3.) While the SEC does have an interest in enforcing securities laws as quickly as possible, Loomis's incarceration would prevent him from immediately complying with any judgment against him. *See S.E.C. v. Alexander*, No. 10-CV-04535-LHK, 2010 WL 5388000, at *4 (N.D. Cal. Dec. 22, 2010). This factor does not weigh in favor of denying the stay.

C. Convenience of the Court

Loomis contends that granting the stay will be convenient to the court because assuming summary judgment is granted in favor of the SEC, the court would have to proceed to the next step of determining Loomis's penalty. (ECF 88 at 5.) But as SEC argues, it would be inefficient to delay a ruling on the SEC's summary judgment motion that has already been fully briefed and argued before the court. (ECF 91 at 4.) *See S.E.C. v. Secure Inv. Servs., Inc.*, No.

---

[1] Loomis also relies on *United States v. Scrivner*, 167 F.3d 525 (9th Cir. 1999). The Ninth Circuit withdrew this opinion, *see* 167 F.3d 536, and the court therefore cannot consider it.

2:07-cv-01724-GEB-CMK, 2009 WL 982010, at *1-2 (E.D. Cal. Apr. 10, 2009) (denying motion to stay that had been filed five days before scheduled hearing on motion for summary judgment, based in part on untimeliness).  Moreover, granting the stay would not eliminate the need for the court to determine penalties; it would only postpone it.

It is more efficient for the court to consider SEC's motion now; this factor favors denying the stay.

D.  Interests of the Public[2]

Loomis asserts that the public interest would not be served by resolving this case because he would not be able to pay any judgment unless he is acquitted of his criminal charges.  (ECF 88 at 5.)  The public generally has an interest in quick resolution of proceedings.  *Keating*, 45 F.3d at 326.  Here, because a criminal case concerning the same matters is pending, the public's interest in the resolution of this civil proceeding is not as strong.  *See Alexander*, 2010 WL 5388000, at *6.  The court finds this factor does not weigh in favor of or against granting a stay.

IV.    CONCLUSION

On balance, none of the *Keating* factors justifies the granting of a stay.  Most significantly, although Loomis is already under indictment in the criminal case, discovery in this civil case is concluded, meaning there is no cause for Loomis to invoke his Fifth Amendment privilege prior to the court's determination of summary judgment.  Loomis may renew his motion to stay, to request that the court reassess the threat to his Fifth Amendment privilege, before any remedies hearing.

Accordingly, Loomis's motion to stay is DENIED, without prejudice.

IT IS SO ORDERED.

DATED: August 27, 2013.

_____
UNITED STATES DISTRICT JUDGE

---

[2] Neither party argues that the interests of non-parties weigh in favor of or against granting a stay.