UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>Plaintiff,<br><br>v.<br><br>LAWRENCE "LEE" LOOMIS,<br><br>Defendant. | Civ. No.  S-10-458 KJM KJN<br><br><br>ORDER |

The Securities and Exchange Commission (SEC) has filed a proposed judgment against defendant Lawrence "Lee" Loomis (Loomis) and Loomis has filed objections.

I. BACKGROUND

On February 23, 2010, the SEC filed a complaint against Loomis, Loomis Wealth Solutions (LWS), LLC, John Hagener, and Lismar Financial Services, LLC (defendants), alleging the defendants had misappropriated approximately $10 million from investors through the fraudulent sale of interests in the Naras Funds. ECF No. 1 ¶ 1.  The complaint is comprised of six claims:  (1) violations of Section 10(b) of the Securities Exchange Act of 1934 (Exchange Act), 15 U.S.C. § 78j(b) and Rule 10b-5, 17 C.F.R. § 240.10b-5 against all defendants; (2) violations of Section 17(a)(1) of the Securities Act of 1933 (Securities Act), 15 U.S.C. § 77q(a) against all defendants; (3) violations of Sections 17(a)(2) and (3) of the Securities Act, 15 U.S.C.

1

1  § 77q(a)(2) against all defendants; (4) violations of Sections 5(a) and 5(c) of the Securities Act,
2  15 U.S.C. §§ 77e(a) and 77e (c) against all defendants; (5) violations of Section 206(1) and
3  206(2) of the Advisers Act, 15 U.S.C. § 80b-6(1), -(6)(2), against Hagener and Lismar; and (6)
4  violations of Section 206(4) of the Advisers Act, 15 U.S.C. § 80b-6(4) against Hagener and
5  Lismar.  ECF No. 1.
6        On February 13, 2013, the SEC filed a motion for summary judgment against
7  Loomis and Hagener, alleging that Loomis had violated the following provisions of the securities
8  laws:  (1) Section 10(b) and Rule 10b-5 of the Exchange Act and Section 17(a)(1) of the
9  Securities Act by knowingly or recklessly making material misstatements and omissions to the
10 investors in Naras Secured Funds, LLC (Naras Fund 1) and Naras Secured Fund #2 (Naras Fund
11 2) and by knowingly or recklessly engaging in a fraudulent scheme; (2) Sections 17(a)(2) and (3)
12 of the Securities Act by negligently making material misstatements and omissions to the Naras
13 Funds 1 and 2 investors and by negligently engaging in a fraudulent scheme; and (3) Sections
14 5(a) and 5(c) of the Securities Act by offering and selling Naras Fund 1 securities and Naras Fund
15 2 securities in interstate commerce without first registering the offers and sales with the SEC and
16 without having an exemption from registration.  ECF No. 64 at 2.  The motion raised additional
17 claims against Hagener.
18        On March 6, 2013, the SEC and Hagener submitted a stipulation for an injunction,
19 and on March 13, 2013, the SEC filed a notice that Hagener's consent to the injunction resolved
20 the summary judgment motion as to him.  ECF Nos. 69, 71.  The court issued the order of
21 injunction as to Hagener on April 15, 2013.  ECF No. 82.
22        After Loomis filed his opposition to the summary judgment motion, he sought a
23 stay of the motion.  ECF Nos. 86, 88.   The court denied the requested stay without prejudice.
24 ECF No. 96.
25        On September 3, 2013, the court granted the SEC's motion for summary judgment
26 on the following grounds:  (1)  Loomis violated Rule 10b-5 and Section 17(a)(1) by informing
27 investors that the Naras loan funds were secured by second mortgages and that the investments
28 were highly liquid and had a twelve percent rate of return; (2) Loomis engaged in a scheme to

defraud in violation of Rule 10b-5, subparts (a) and (c), and Section 17(a), subparts (1) and (3), by misrepresenting the solvency of the Naras Funds while accepting money from new investors to use as payments to older investors; and (3) Loomis violated Sections 5(a) and 5(c) of the Securities Act by offering unregistered securities for sale.  ECF No. 97.

On March 11, 2014, the SEC filed a motion for remedies against Loomis.  ECF No. 108.  Defendant's untimely opposition was filed on April 3, and the SEC's reply was filed on April 4, 2013.  ECF Nos. 112, 113.

On April 24, 2014, this court granted the SEC's request for a permanent injunction against Loomis and disgorgement of the gains from the scheme, but declined to impose civil penalties.  It directed the SEC to submit a proposed judgment including language for the injunction and showing how much of the money raised from investors in the schemes was returned to other investors as "lulling" payments.   Order, ECF No. 115.

SEC submitted a proposed order on May 1, 2014.  ECF No. 116.  On May 2, Loomis objected to the order, arguing it does not reflect all payments back to investors, because some of the investors were also NARAS employees whose salary derived from NARAS funds. ECF No. 118.  Loomis also argues it would be unseemly to direct him to repay co-conspirators who will be testifying against him in the criminal trial.  *Id.*  However, the proposed final judgment does not direct payments to investors, but rather suggests the SEC will propose a plan to distribute the fund.  "'Disgorgement is designed to deprive a wrongdoer of unjust enrichment, and to deter others from violating securities laws by making violations unprofitable.'"  *SEC v. Platform Wireless Int'l Corp.*, 617 F.3d 1072, 1096 (9th Cir. 2010) (quoting *SEC v. First Pac. Bancorp.*, 142 F.3d 1186, 1191 (9th Cir. 1998)).  Although "disgorged monies should not necessarily flow to the United States Treasury," it is "not restitution, either, meaning that it need not compensate investors."  *SEC v. Bhagat*, No. 01-21073, 2008 WL 4890890, at *1 (N.D. Cal. Nov. 12, 2008).  Accordingly, as part of its equitable powers, the district court has "'broad discretion in approving a proposed plan of distribution of such funds.'"  *SEC v. Drexel Burnham Lambert, Inc.*, 956 F. Supp. 503, 507 (S.D.N.Y. 1997) (quoting *SEC v. Levine*, 689 F. Supp. 317, 320 (S.D.N.Y. 1988), *rev'd on other grounds*, 881 F.2d 1165 (2d Cir. 1989)).  As part of this

1    court's judgment, the SEC will be required to submit a plan of distribution, justifying any

2    disgorgement to co-conspirators.

3    II.  FINAL JUDGMENT AGAINST LAWRENCE "LEE" LOOMIS

4            Plaintiff SEC has filed its motion for remedies against defendant Loomis.  The

5    court, having entered an order on September 3, 2013, granting the SEC's motion for summary

6    judgment, hereby enters this final judgment against Loomis:

7            IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Loomis and his

8    agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation

9    with any of them, who receive actual notice of this Order of Injunction, by personal service or

10   otherwise, and each of them, are permanently enjoined and restrained from violating, directly or

11   indirectly, Section 10(b) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C.

12   § 78j(b), and Rule 10b-5, 17 C.F.R. § 240.10b-5, by using any means or instrumentality of

13   interstate commerce, or of the mails, or of any facility of any national securities exchange, in

14   connection with the purchase or sale of any security:

15       (a) to employ any device, scheme, or artifice to defraud;

16       (b) to make any untrue statement of a material fact or to omit to state a material fact

17           necessary in order to make the statements made, in the light of the circumstances under

18           which they were made, not misleading; or

19       (c) to engage in any act, practice, or course of business which operates or would operate

20           as a fraud or deceit upon any person.

21           IT IS HEREBY FURTHER ORDERED, ADJUDGED, AND DECREED that

22   Loomis and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or

23   participation with any of them, who receive actual notice of this Order of Injunction, by personal

24   service or otherwise, and each of them, are permanently enjoined and restrained from violating

25   Section 17(a) of the Securities Act of 1933 (the "Securities Act"), 15 U.S.C. § 77q(a), in the offer

26   or sale of any security by the use of any means or instruments of transportation or communication

27   in interstate commerce or by use of the mails, directly or indirectly:

28   /////

(a) employing any device, scheme, or artifice to defraud;

(b) obtaining money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

(c) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREED that Loomis and his agents, servants, employees, attorneys-in-fact, and all persons in active concert or participation with any of them, who receive actual notice of this Order of Injunction, by personal service or otherwise, and each of them, are permanently enjoined and restrained from violating Sections 5(a) and 5(c) of the Securities Act, 15 U.S.C. §§ 77e(a) & 77e(c), by, directly or indirectly, in the absence of any applicable exemption, making use of any means or instruments of transportation or communication in interstate commerce or of the mails:

(a) to sell a security through the use or medium of any prospectus or otherwise, unless a registration statement is in effect as to the security; or

(b) to offer to sell or offer to buy through the use or medium of any prospectus or otherwise any security, unless a registration statement has been filed with the Commission as to such security.

IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Loomis is liable for disgorgement of profits gained as a result of the violations found in the court's summary judgment decision, together with prejudgment interest thereon. The principal amount of disgorgement is $10, 288,760.00, plus prejudgment interest of $2,202,734.00, for a total disgorgement of $12,491,494.00. Loomis shall satisfy this obligation by paying the total amount of $12,491,494.00 to the SEC within thirty days after the entry of this final judgment.

Loomis may transmit payment electronically to the SEC, which will provide detailed ACH transfer/Fedwire instructions upon request. Payment may also be made from a bank account via Pay.gov through the SEC website at http://www.sec.gov/about/offices/ofm.htm.

/////

Defendant may also pay by certified check, bank cashier's check, or United States postal money order payable to the Securities and Exchange Commission, which shall be delivered or mailed to:

> Enterprise Services Center
> Accounts Receivable Branch
> 6500 South MacArthur Boulevard
> Oklahoma City, OK 73169

and shall be accompanied by a letter identifying the case title, civil action number, and name of this court; Lawrence "Lee" Loomis as a defendant in this action; and specifying that payment is made in accordance with this Final Judgment.

The SEC may enforce this judgment by moving for civil contempt (and/or through other collection procedures authorized by law) at any time after thirty days following the entry of judgment.  Defendant shall pay post-judgment interest on any delinquent amounts under 28 U.S.C. § 1961.  The SEC shall hold the funds, together with any interest and income earned on them (collectively, the Fund), pending further order of the court.

The SEC shall propose a plan to distribute the Fund subject to the court's approval. The court shall retain jurisdiction over the administration of the distribution of the Fund.  If the SEC staff determines the Fund will not be distributed, it shall notify the court, explain why the Fund is not being paid to the investors, and then send the money paid in satisfaction of this judgment to the United States Treasury.

IT IS HEREBY FURTHER ORDERED, ADJUDGED AND DECREEED  that this court shall retain jurisdiction over this matter for all purposes, including but not limited to, enforcing the terms of this judgment.

IT IS FURTHER ORDERED that the SEC shall notify this court within one year of the date of this judgment whether defendant has made any payments in satisfaction of this judgment and, if not, whether collection efforts have been or will be pursued.

IT IS FINALLY ORDERED that the Clerk enter this judgment.

DATED: January 20, 2015.

_____
UNITED STATES DISTRICT JUDGE